**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

MARTIN ARNOLDINI; JERROLD
BOSCHMA,

  Defendants-Appellants.

No. 06-4289
(D. Ct. No. 2:04-CR-226-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Martin Arnoldini and Jerrold Boschma (Appellants) pled guilty to one count of conspiracy either to commit an offense against or to defraud the United States in violation of 18 U.S.C. § 371. The district court sentenced both Appellants to fifty-three months imprisonment. While Appellants appeal their sentences, their attorney has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appellants have filed their own response to the *Anders* brief, to which the government has submitted its response, indicating Appellants waived their right to appeal their sentences. For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.

## I. Background

Pursuant to separate plea agreements, both Appellants pled guilty to one count of conspiracy to commit an offense against or to defraud the United States in violation of 18 U.S.C. § 371. As part of their plea agreements, both stipulated they participated in a conspiracy to promote and sell a fraudulent trust scheme designed to evade federal income taxes, defeat the lawful functioning of the Internal Revenue Service, and fraudulently obtain money or property from United States citizens by use of the mails and wires. In their statements in advance of their guilty pleas, and at their plea hearings, both admitted causing a total tax loss of $3,600,000 to the United States and loss to customers of approximately

-2-

$1,300,000.  Each also agreed to waive any and all appeals of his sentence, except if the sentence imposed was above the maximum statutory sentence, involved an upward departure from the final United States Sentencing Guidelines (Guidelines) range determined by the court, or was appealed by the United States; similarly, each waived the right to challenge his sentence in any collateral review proceeding, including under 28 U.S.C. § 2255.

During the Rule 11 colloquy at Appellants' plea hearings, the district court thoroughly and comprehensively questioned each Appellant about his guilty plea and waivers.  *See* Fed. R. Crim. P. 11.  Each explicitly confirmed he 1) had read the plea agreement, discussed it with counsel, and signed it voluntarily and of his own free will; and 2) understood the offense for which he was charged, the maximum sentence and other possible sentencing ramifications related to the offense, and the rights he was giving up by pleading guilty, including his right to appeal his sentence as indicated in the waiver of appeal provision.

After the district court accepted Appellants' guilty pleas, the probation officer prepared separate presentence reports calculating each sentence under the applicable Guidelines.  For each Appellant, the presentence report set the base offense level at 28, which included consideration of the stipulated total tax loss amount of $3,600,000 and fraud loss to customers in an amount of $1,300,000.

The presentence reports also recommended reducing the offense level by three levels for acceptance of responsibility, for a total base offense level of 25. This, together with a criminal history category of I, resulted in an advisory sentencing range of fifty-seven to seventy-one months imprisonment.

Both Appellants filed objections to the presentence reports. The relevant objections for the purpose of this appeal involved their claims they did not cause a tax loss of $3,600,000, as admitted in their plea statements and plea hearings. At their sentencing hearing, Appellants again denied they caused a tax loss of $3,600,000, stating no negotiations occurred on the amount prior to entering their pleas, and that the government had led them, through their counsel, to believe this amount to be accurate, but had now failed to establish that amount as factual. The district court pointed out each Appellant pled guilty to that amount and therefore the government did not have the burden of proving the amount; it then postponed the sentencing hearing, leaving Appellants to make a decision as to whether they desired to withdraw their guilty pleas and go to trial, and asking the government whether removal of the three-level reduction for acceptance of responsibility would be warranted if Appellants continued to contradict the tax loss amount to which they pled guilty.

At the subsequent sentencing hearing, the district court noted Appellants

had not withdrawn their guilty pleas but continued to contest the tax amount admitted to in their plea statements and to argue the government bore the burden of establishing the amount with evidence, despite their admissions. The district court found their persistence in contesting the $3,600,000 amount constituted "a disingenuous denial and frivolous contesting of a fact constituting relevant conduct" and removed the three-level reduction for acceptance of responsibility. Following the district court's determination a two-level downward departure for substantial assistance was warranted, it noted the resulting advisory Guidelines range was sixty-three to seventy-eight months imprisonment. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court concluded a sentence at the high end of the Guidelines range would be justified, based on the nature and seriousness of the offense, including the number of victims, and to promote respect for the law, provide adequate deterrence in the future, and protect the public. However, after considering the history and characteristics of Appellants, including that the offense was an aberration from their prior conduct and both had health problems, it sentenced both to fifty-three months imprisonment – well below the Guidelines range of sixty-three to seventy-eight months imprisonment and the sixty-month statutory maximum sentence.

After Appellants filed a timely notice of appeal, their counsel filed an *Anders* appeal brief, explaining a review of the record revealed no nonfrivolous

issues to appeal in this case and moving for an order permitting withdrawal as counsel. *See Anders*, 386 U.S. at 744. In support, counsel suggested Appellants knowingly and voluntarily pled guilty, and their sentences comported with the Constitution and *United States v. Booker*, 543 U.S. 220 (2005). However, counsel did not address the appeal waiver provisions in the plea agreements. Pursuant to *Anders,* this court gave Appellants an opportunity to respond to counsel's *Anders* brief. *See* 386 U.S. at 744.

Appellants, both practicing attorneys prior to entering their guilty pleas, filed a response to the *Anders* brief. Their arguments on appeal contest their sentences, but not their convictions.[1] In fact, before the district court, and now on appeal, Appellants have not contested their guilt as to the count charged and to which they pled guilty, but continue to dispute the sentences imposed. In challenging their sentences, Appellants attempt to avoid the waivers of their appeal rights by claiming enforcement of the waivers will result in a miscarriage of justice, given they would not have pled guilty to the tax loss amount or waived their right to appeal but for their counsel's ineffective assistance in failing to

---

[1] Generally, Appellants contend the district court erred in: 1) utilizing the tax loss amount stipulated to because their attorney was ineffective by failing to negotiate or review any tax loss evidence and inducing them to plead guilty to the tax loss stipulation; 2) calculating the tax loss based on an "errant methodology"; 3) not granting an acceptance of responsibility reduction; 4) relying on victim impact reports for sentencing purposes; 5) not granting a minimal role adjustment; and 6) imposing an erroneous restitution amount.

negotiate or review any tax loss evidence and, instead, inducing them to enter into plea agreements containing an unsubstantiated tax loss stipulation. They further contend their waivers were unknowing because they did not know the tax loss amount would drive the Guidelines sentencing calculation and that counsel led them to believe the amount must later be substantiated by the government.[2] In response, the government points out Appellants waived such appeal rights, which we construe as a motion or request to enforce the appeal waiver provisions.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record

---

[2] With respect to the miscarriage of justice exception, Appellants also argue the district court erroneously relied on victim impact statements and removed the acceptance of responsibility departure in calculating their sentences. The victim impact statements have not been provided on appeal. However, it is clear Appellants pled guilty to the conspiracy which negatively affected the victims in the victim impact statements, and Appellants have provided no documentation or other evidence to show they were not involved in the conspiracy at the time of such victimization, or that the conduct of the others in the conspiracy causing such victimization was not reasonably foreseeable. *See United States v. Massey*, 48 F.3d 1560, 1570-71 (10th Cir. 1995). Thus, we find no error with respect to the district court's consideration of those statements, even if, as Appellants contend, they are not expressly named in those statements. Therefore, the miscarriage of justice exception is not implicated.

As to the issue surrounding the district court's determination on Appellants' acceptance of responsibility, it seems sufficiently intertwined with resolution of their ineffective assistance of counsel claim that its disposition cannot occur until resolution of the ineffective assistance of counsel issue, should Appellants bring a collateral proceeding, as addressed hereafter. Until resolution of that issue, we cannot say the miscarriage of justice exception is implicated.

before us. *See* 386 U.S. at 744. We have also considered the law applicable to waivers of appeal rights. This court uses a three-part analysis in reviewing an appeal brought after the defendant entered into an appeal waiver to determine whether: 1) the disputed appeal falls within the scope of the waiver of appellate rights; 2) the defendant's waiver of his appellate rights was knowing and voluntary; and 3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (*per curiam*). A miscarriage of justice occurs: "1) where the district court relied on an impermissible factor such as race, 2) *where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid*, 3) where the sentence exceeds the statutory maximum, or 4) where the waiver is otherwise unlawful." *Id.* at 1327 (citation omitted and emphasis added).

With respect to claims of ineffective assistance of counsel, we have held it is "inconceivable to hold [an appeal] waiver enforceable when it would deprive a defendant of the opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation." *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) (quotation marks and citation omitted). We have also determined claims of ineffective assistance of counsel sufficient to meet the miscarriage of justice exception must implicate the entering or negotiation of the plea and not merely counsel's

ineffectiveness at sentencing. *See id.* at 1185.

In this case, Appellants are essentially claiming counsel was ineffective in the negotiation of their plea agreements and they would not have entered into the plea agreements designating $3,600,000 as the tax loss amount or waived their right to an appeal but for their reliance on counsel with respect to the tax loss amount. They bolster their ineffective assistance of counsel contention by claiming their waivers were unknowing, given counsel did not advise them the tax loss amount would determine the Guidelines range calculation and led them to believe the amount must later be substantiated by the government. Thus, their argument implicates the narrow miscarriage of justice exception for the purpose of sufficiently raising an ineffective assistance of counsel argument with respect to their plea waivers.

However, making the requisite ineffective-assistance argument does not end our analysis or otherwise allow us to proceed to address the merits of Appellants' ineffective assistance of counsel claim for the purpose of determining whether their appeal waivers are enforceable. This is because we generally only consider ineffective assistance of counsel claims on collateral review and not on direct appeal. *See Hahn*, 359 F.3d at 1327 n.13. "'Even if the record appears to need no further development, the claim should still be presented first to the

-9-

district court in collateral proceedings ... so the reviewing court can have the benefit of the district court's views.'" *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)). "Therefore, 'there is only a slight chance that we will forego the development of a factual record or at least an opinion by the district court on the subject in the first instance.'" *Id.* (quoting *Galloway*, 56 F.3d at 1241). In this case, after a review of the record, we decline to address the issue of ineffective assistance of counsel for the purpose of determining whether Appellants' appeal waivers are unenforceable under the miscarriage of justice exception, leaving the issue of ineffective assistance of counsel for the district court's resolution should Appellants pursue the same claim under 28 U.S.C. § 2255.

## III. Conclusion

For these reasons, we **GRANT,** without prejudice, the government's request to enforce the appeal waivers in Appellants' plea statements, **GRANT**

counsel's motion to withdraw, and **DISMISS** this appeal.


**Entered by the Court:**


**WADE BRORBY**
United States Circuit Judge